UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| AUTUMN COVE APARTMENTS, LLC, | CASE NO. 16-71783-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| OAKLEY WOODS APARTMENTS, LLC. | CASE NO. 16-71787-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| PINE KNOLL APARTMENTS, LLC | CASE NO. 16-71788-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| SHANNON WOODS APARTMENTS, LLC | CASE NO. 16-71790-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| GARDEN GATE APARTMENTS, LLC | CASE NO. 16-72175-pwb |
| Debtor | |

**MOTION FOR ENTRY OF ORDER**
**AUTHORIZING JOINT ADMINISTRATION**

COME NOW, Autumn Cove Apartments, LLC ("Autumn Cove"), Oakley Woods Apartments, LLC ("Oakley Woods"), Pine Knoll Apartments, LLC ("Pine Knoll"), Shannon

Woods Apartments, LLC ("Shannon Woods"), and Garden Gate Apartments, LLC ("Garden Gate"), debtors and debtors in possession in the above-styled chapter 11 cases (collectively, "Debtors"), and hereby file this "Motion for Entry of Order Authorizing Joint Administration" (the "Motion") and move this Court for entry of an order for joint administration, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of the Motion, Debtors show the Court the following:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtors filed Voluntary Petitions for Relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on December 6 and 7, 2016 (the "Petition Date").  All of these cases are pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

3. All Debtors are affiliates as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

### Background

4. Each Debtor is a single purpose entity that owns and operates a single apartment complex (collectively, the "Apartments"), as follows: (i) Autumn Cove owns an apartment complex located at 6200 Hillandale Drive, Lithonia, GA 30058; (ii) Oakley Woods owns an apartment complex located at 6295 Oakley Road, Union City, GA 30291, (iii) Pine Knoll owns an apartment complex located at 7393 Tara Road, Jonesboro, GA 30236; (iv) Shannon Woods

2

owns an apartment complex located at 100 Sunrise Court, Union City, GA 30291; and (v) Garden Gate owns an apartment complex located at 1608 Rhodes Lane, Griffin, GA 30224.

5. Each Debtor executed, among other things, (i) a Promissory Note dated June 10, 2014 (the "Note"), in the original principal amount of $11,000,000 in favor of German American Capital Corporation ("GACC"), (ii) a Loan Agreement dated June 10, 2014 (the "Agreement") in favor of GACC, and (iii) a Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement covering the Apartments in favor of GACC as collateral for the Note (the "Security Deeds") (hereinafter, the Note, the Agreement, the Security Deeds, and all documents, executed and related thereto are referred to as the "Loan Documents").

6. GACC assigned the Loan Documents to Wilmington Trust National Association, as Trustee, for the benefit of the holders of the COMM 2014-LC17 Mortgage Trust Commercial Mortgage Pass-Through Certificates, which assigned the Loan Documents to COMM 2014-LC17 Georgia Properties, LLC ("Lender")

**Relief Requested**

7. Debtors request that their bankruptcy cases be jointly administered pursuant to Bankruptcy Rule 1015(b) such that a single docket is utilized for the matters occurring in the administration of the cases, including:

    a. The filing of pleadings, orders, notices, and other papers, other than proofs of claim;

    b. The combining of notices to creditors of the different estates; and

    c. The joint handling of purely administrative matters that may expedite the cases and render the process less costly.

8. Debtors further request that the caption of the jointly administered cases read as follows:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| AUTUMN COVE APARTMENTS, LLC, | : | Jointly Administered Under |
| *et al.* | : | Case No. 16-71783-pwb |
| | : | |
| Debtors | : | |
| _____ | : | |

9. Debtors, excluding Autumn Cove Apartments, LLC (Case No. 16-71783), further request that docket entries be made in their cases substantially as follows: An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Autumn Cove Apartments, LLC, and this Debtor. The docket in case number 16-71783-pwb should be consulted for all matters affecting this case.

**Basis for Relief**

10. This Court may order the joint administration of the estates of a debtor and an affiliate pursuant to Bankruptcy Rule 1015(b). As discussed above, Debtors are affiliates as that term is defined in section 101(2) of the Bankruptcy Code.

11. Joint administration of the separate chapter 11 cases of Debtors is therefore appropriate. Because each Debtor and all of the Apartments are liable to Lender under the Loan Documents, entry of an order permitting joint administration of these cases would avoid much unnecessary time and expense by obviating the necessity of filing duplicative motions and applications, entering duplicative orders, and serving duplicative notices to creditors.

12. The rights of the respective creditors of the estates of Debtors will not be affected adversely by joint administration of these cases inasmuch as the relief sought is purely procedural and will not affect the creditors' substantive rights. Each creditor will retain whatever

rights it has against the particular estate which allegedly owes it money. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. Additionally, the Court and the clerks' office will be relieved of the burden of entering duplicative orders and maintaining duplicative and voluminous files. Finally, joint administration will greatly simplify the United States Trustee's task of supervising the administrative aspects of the related chapter 11 cases.

13. Debtors request that this Motion be considered by the Court on an expedited basis to limit the administrative costs associated with the preparation and filing of separate pleadings in each case.

14. A proposed Order is attached hereto.

**WHEREFORE**, Debtors pray that this Court enter an order for the joint administration of the cases for purposes of convenience and economy, and that the Court grant such other and further relief as is just and proper.

Dated: December 12, 2016

                              LAMBERTH, CIFELLI,
                               ELLIS & NASON, P.A.
                              Attorneys for Debtors

                              By:    /s/  *G. Frank Nason, IV*
                                  G. Frank Nason, IV, Esquire
                                  Georgia Bar No. 535160
                                  fnason@lcenlaw.com

1117 Perimeter Center West
Suite W212
Atlanta, Georgia  30338
(404) 262-7373

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| AUTUMN COVE APARTMENTS, LLC, | CASE NO. 16-71783-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| OAKLEY WOODS APARTMENTS, LLC. | CASE NO. 16-71787-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| PINE KNOLL APARTMENTS, LLC | CASE NO. 16-71788-pwb |
| Debtor | |

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SHANNON WOODS APARTMENTS, LLC | CASE NO. 16-71790-pwb |
| Debtor | |
| IN RE: | CHAPTER 11 |
| GARDEN GATE APARTMENTS, LLC | CASE NO. 16-72175-pwb |
| Debtor | |

### ORDER GRANTING MOTION FOR JOINT ADMINISTRATION

The matter is before the Court on the motion for joint administration filed by Debtors on December 12, 2016. In the motion, the above-named Debtors requested that the Court authorize the joint administration of their Chapter 11 cases, pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Court reviewed and considered the motion, and the Court finds that joint administration will reduce the cost to each individual estate, will expedite the handling of administrative matters, and will more efficiently utilize the judicial resources of the Court. Accordingly, the Court finds that joint administration is authorized pursuant to Federal Rules of Bankruptcy Procedure 1015(b). Therefore, it is

**ORDERED AND ADJUDGED THAT:**

(a) The above-captioned and numbered bankruptcy cases shall be jointly administered with respect to administrative matters only;

(b) The clerk shall maintain a single docket and pleadings file for the above-captioned case under Autumn Cove Apartments, LLC, Case No. 16-71783-pwb. All pleadings, orders, notices, and other papers, other than proofs of claim,

2

schedules, and lists of creditors, for the above-named Debtors may be filed in a single original and entered on a single docket;

(c)   The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| AUTUMN COVE APARTMENTS, LLC, | : | Jointly Administered Under |
| *et al.* | : | Case No. 16-71783-pwb |
| | : | |
| Debtors | : | |
| _____ | : | |

(d)   A docket entry shall be made in each of the cases, excluding Autumn Cove Apartments, LLC. (Case No. 16-71783-pwb), substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Autumn Cove Apartments, LLC, and this Debtor. The docket in case number 16-71783-pwb should be consulted for all matters affecting this case.

(e)   The clerk shall maintain a separate docket and claims file only for the filing of proofs of claim, which shall be filed and docketed in the appropriate case;

(f)   The clerk shall henceforth file all pleadings filed in any of these cases on the docket in case number 16-71783-pwb, even if the particular pleading, order, notice, or other paper is incorrectly styled; and this Order shall not be construed to affect the rights of Debtors or any other party with respect to substantive consolidation.

[END OF DOCUMENT]

**Preparer's Signature on Next Page**

3

**Prepared and presented by:**

LAMBERTH, CIFELLI,
 ELLIS & NASON, P.A.
Counsel for Debtor

By: */s/ G. Frank Nason, IV*
       G. Frank Nason, IV
       Georgia Bar No. 535160
1117 Perimeter Center West
Suite W212
Atlanta, GA 30338
(404) 262-7373

**Identification of parties to be served:**

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 1117 Perimeter Center West, Suite W212, Atlanta, GA 30338

James H. Morawetz, Office of U.S. Trustee, 362 Richard Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, GA 30303

Thomas M. Byrne, Stacey M. Mohr, SUTHERLAND ASBILL & BRENNAN LLP, 999 Peachtree Street, NE, Suite 2300, Atlanta, GA 30309-3996

4

## CERTIFICATE OF SERVICE

      I, G. Frank Nason, IV, certify that on the date specified below I caused to be served a true and correct copy of the foregoing MOTION FOR ENTRY OF ORDER AUTHORIZING JOINT ADMINISTRATION upon the parties listed below via electronic mail. An additional Certificate of Service will be submitted reflecting additional service parties.

      James H. Morawetz
      Office of the United States Trustee
      362 Richard Russell Building
      75 Ted Turner Dr., S.W.
      Atlanta, GA 30303
      jim.h.morawetz@usdoj.gov

      Thomas M. Byrne
      Stacey M. Mohr
      SUTHERLAND ASBILL & BRENNAN LLP
      999 Peachtree Street, NE
      Suite 2300
      Atlanta, GA 30309-3996
      tom.byrne@sutherland.com
      stacey.mohr@sutherland.com

Dated: December 12, 2016

      */s/ G. Frank Nason, IV*
      G. Frank Nason, IV